UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FREDDY ANTONIO SOLIZ,

                  Plaintiff,

- against -

BATTERY GIANT, LLC., d/b/a also
as LOYAL SELLERS, LLC and
SAM KRAUSZ,

                  Defendants.
-------------------------------------------------------------------X

Civil Action. No. 7:19-cv-3811

**COMPLAINT**

**JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under the Fair Labor Standards Act of 1938 to correct the unlawful failure to pay wages earned and overtime earned.  As charged with greater particularity below, defendant Battery Giant, LLC employed plaintiff Soliz for several months while completely failing to compensate him for work performed – both in regular wages and in overtime compensation - thus also violating the New York State Labor Law §198 and §650 *et. seq*.  Plaintiff thus brings this federal claim, and seeks supplemental jurisdiction of the claims under New York law relating to the exact same wage violations against defendant Battery Giant, and against its owner, Sam Krausz.

Plaintiff also makes claims under the New York Human Rights Law against both defendants alleging that he was not paid because he is not Jewish and because he is Hispanic. Such makes out claims of discrimination on the basis of religion and national origin.

## JURY DEMAND

1. Plaintiff Freddy Soliz demands a trial by jury of all issues in this action.

## JURISDICTION, PARTIES AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

1337, 1343 and 1345.  This action is authorized and instituted pursuant to the Fair Labor Standards Act of 1938 ("the FLSA"), 29 U.S.C. §§ 207, 216, and §200 *et. seq.*

      3.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of New York.

      4.  Plaintiff Freddy Soliz ("Soliz") resides in Monroe, New York, Orange County.

      5.  At all relevant times, defendant Battery Giant sold products and has continuously operated as an employer as defined under the FLSA and New York Labor Law, and operated in this jurisdiction.

      6.  At all relevant times, the owner of defendant Battery Giant business was Sam Krausz, and he acted as the main operator of defendant Battery Giant business, which he also operated with the assistance of his brother Joel Krausz.  Defendant Battery Giant, LLC, also d/b/a Loyal Sellers, LLC (Battery Giant or defendant" operates out of an office located in Monroe, New York and regularly operates at that location, packages its parts, and transports and sells its product primarily to other parts of Orange County, New York.

      7.  Defendant Sam Krausz is a proper defendant employer under the FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  He is also an employer subject to the New York State Labor Law since he employed plaintiff Soliz and other employees.  Sam Krausz was involved in the day-to-day management of defendant Battery Giant's business operations.

      8.  Further, both Krausz brothers are Orthodox Jews, practicing their religion with deep observance and observing the Sabbath and Kosher rules.  Plaintiff Soliz is a non-Jew, and is of Hispanic origin, originally from El Salvador.

9. This Court has jurisdiction over this action pursuant to the FLSA 29 U.S.C. §2617, and 28 U.S.C. §1331, as this case arises under the laws of the United States, in particular the most long-standing and effective federal legislation to prevent the cheating and non-payment of wages for workers, including a prohibition on refusing to compensate workers for work they perform – both in depriving them of regular and overtime wages.  29 U.S.C. §216 et seq**.** confers jurisdiction to redress any violation and bring this civil action for damages in the federal court.

10. Venue is appropriate here, because the events about which plaintiff complains occurred where defendant Battery Giant operates its office in Orange County, in Monroe, New York and elsewhere throughout Orange County, where it regularly conducts its business. This is the appropriate federal court location for actions that arise from acts in Orange County.

11. Supplemental jurisdiction over plaintiff's claims under New York Labor Law is also sought here.  Plaintiff brings claims not only under the federal law prohibiting wage theft, but also under NYLL §§650 *et seq*., prohibiting the non-payment of wages and denial of overtime hours worked.  In addition, that law specifies civil penalties for knowingly violating the wage laws and protections.  As the federal and state claims arise under the identical set of facts regarding defendants' wage theft against Soliz and failure to pay him overtime where due, it is efficient for this Court to exercise supplemental jurisdiction over the state wage claims and requests for the imposition of penalties against defendants.  Further, both defendants are employers under the New York Human Rights Law §296 as defendant Battery Giant employed more than 4 employees at the time of the discriminatory acts and defendant Sam Krause controlled and directly engaged in and directed the discriminatory conduct alleged.

## **FACTS**

12. Plaintiff Freddy Soliz ("Soliz" began his employment with defendant on or

3

about early March 2018.

13. During several periods in the approximately next four months, defendant failed to pay Soliz for work that he performed packing and delivering the product, so that it could be produced as a finished product and be taken to the appropriate retail locations, sometimes near Newburgh or in other locations in Orange County.  For example, defendant Battery would often pay plaintiff a flat fee of $210 per week no matter that he worked many more hours than $210 represented, and then would sometimes make up the amount at a later time.

14.  Soliz's regularly hourly rate of pay was $16/hour, and he contemporaneously kept records of the compensation he received every week, which often was received in some combination of a check and cash, or check, or no payment at all.  For that reason, whenever defendant Battery paid Soliz only a flat fee of $210 for 40 hours or more of work, Battery violated the wage laws as such was a vast underpayment of the approximately $640 or often more than that due to Soliz for his work at that $16/hour wage rate.

15. Soliz also maintained written records of the time that he worked for each week, so as to account and reconcile the pay he should have received. Most of the time, he obtained an actual computer print-out from defendant's clock-in system which noted the day of his work, his work start time, his work end time, and totaled the time worked per day.  Many times, those recorded ten-hour days, or even eleven-hour days on some occasions.

16. It is true that man times, on Friday's Soliz would record considerably lesser hours worked, because the brothers did not want him working near the end of the Sabbath Friday work-day.  He rarely booked or recorded work of more than 5-6 hours on Friday workdays. However, on occasion, he would work more hours on a Friday, but such would not be recorded in the computer system at all, but would only be available as records from the notes that he

himself maintained as to hours worked.  In other words, the statement of hours actually worked on Fridays tended to be particularly inaccurate some days.

17. On some occasions, defendant Battery helped pay for Soliz's immigration lawyer fee, but such was a minimal amount of approximately $1400.  On another occasion defendant Battery and defendant Sam Krausz covered and paid for a personal telephone bill of plaintiff's of approximately $83.  Though this clearly constituted some "compensation" for work performed by Soliz, it was a small portion of the full amount of regular wages and overtime that Battery and defendant Sam Krausz failed to pay Soliz.  That amount still owed to Soliz and unpaid (nor as part of legal fees or phone bills paid by defendants on Soliz's behalf) is approximately $10,000 or more.

18. On occasion, Battery Giant and Krausz would send Soliz to the Bank to make deposits and make deposits of Battery Giant's cash proceeds.  On some of those occasions, Krausz would make cryptic comments implying that Soliz should have "taken" or known to pay himself some of the wages due to him "out" of the money that he was depositing in the bank on behalf of Battery Giant's account and cash earnings from sales.

19. When defendant made no payment whatsoever, as often occurred, Soliz on several occasions spoke with Joel Krausz, and on occasion with Sam Krausz.  Joel or Sam would typically have some explanation, such as cash was short that week, or they would be getting to it soon, or some other excuse.

20. During approximately June of 2018, Soliz again complained about non-payment, and defendant Sam Krausz at first agreed to make up the back-wages due Soliz.  However, soon after when Soliz spoke with him again, Krausz refused to pay, and told Soliz that

he would have to go and "get a lawyer" and should "do what he has to do." Krausz also suggested that he and Battery would have their own lawyer and fight Soliz's claim to wages.

21. Clearly, Battery and defendant Sam Krausz understood the laws on payment and "knowingly" chose to require Soliz to "get a lawyer" and do what "he has to do" to protect his rights. Defendant Battery and Sam Krausz's actions were clearly willful and done with knowledge that they violated laws against wage theft and "looting" of another human being's work effort and monetary earnings – wage earnings that are necessary to support Soliz's and his family's survival and livelihood.

22. In or about the very end of July, Soliz ceased working for Battery Giant because of defendants' failure over and over again to compensate him for work that he had performed.

23. Sometimes defendant Battery Giant did follow through and make late payments to plaintiff for work he performed, on many occasions it simply failed to pay Soliz for work that he performed.

24. Accordingly, he has calculated the approximate number of hours that he worked in 2018 in which he either received a payment by check and/or cash that was insufficient for the number of hours that he worked, or where defendants paid him nothing.

25. Some component of that calculation and records also includes periods of time when he worked more than 40 hours per week, and no overtime pay was ever paid. Under the FLSA, defendants should have paid overtime wages instead of the regular wage rate, and Soliz estimates that defendants failed to pay him approximately $1400 in overtime compensation, based on his hourly rate of $11.50 per hour and the time clock records that he retained.

26. In all, at this time plaintiff estimates that he is due approximately $10,000 or

more, excluding interest, and absent liquidated damages and other penalties available under the New York State law.

27. Plaintiff claims that liquidated damages are appropriate in that he repeatedly spoke with both owners, Sam and Joel Krausz, and they were fully knowledgeable about their failure to pay Soliz the amount due him, as well as having full knowledge that Soliz at times worked overtime hours, and was nevertheless never compensated for such.

28. As such, defendants' actions harmed Soliz, such that it is liable to him for backpay, lost compensation, attorneys' fees, and liquidated damages, as well as penalties under New York State Law.

29. Soliz is of Hispanic national origin, and is originally from Central America. He is not Jewish and does not practice the Jewish religion, nor as an Orthodox Jew.  Soliz often speaks Spanish, and does not speak English proficiently.

30. Further, both defendant Battery and defendant Sam Krausz treated Soliz differently and with greater disdain regarding payment than they would another person of their own faith, Jewish, or any other non-Hispanic or white employee.  In other words, defendants discriminated against Soliz in the payment of wages because he was not a practicing Orthodox Jewish individual as they were and also because he is Hispanic; if Soliz had been another Orthodox Jewish employee, he would have been paid properly on time, or his full backpay and overtime would have been provided at a later time.  He would not have been told to "get" his own lawyer in order to try and receive the compensation due to him for his hard work.

## FIRST CAUSE OF ACTION
### (FLSA)

31. Plaintiff repeats and realleges paragraphs 1-30 above.

32. Defendants Battery Giant and Sam Krausz violated the FLSA by failing to pay

wages due, and failing to pay overtime wages due to Soliz for overtime hours worked.

33. Defendants' actions were done willfully and in violation of the law, and liquidated damages are appropriate, as well as the three-year statute of limitations for willful conduct.

## SECOND CAUSE OF ACTION
## (NYLL)

34. Plaintiff repeats and realleges paragraphs 1-33 above.

35. Defendants Battery Giant and Sam Krausz violated the FLSA by failing to pay wages due, and failing to pay overtime wages due to Soliz for overtime hours worked.

36. Defendants' actions were done willfully and in violation of the law, and penalties are available under the New York Labor Law §198 and §650 *et. seq.*

## THIRD CAUSE OF ACTION
## (NYHRL §296)

37. Plaintiff repeats and realleges paragraphs 1-36 above.

38. Defendants Battery Giant and Sam Krausz violated the New York Human Rights Law 296 by treating plaintiff differently and failing to pay him the wages due him, indeed engaging in wage theft of the fruits of his labor, on the basis of religion and national origin. Defendants failed to pay Soliz such moneys essential to his livelihood and that of his family because he is not Jewish, is not a practicing orthodox Jewish person, and is Hispanic.

39. As a result of defendants' actions and discriminatory looting of plaintiff's work efforts and earnings, Soliz has suffered emotional harm and upset, being treated as less than others simply because he is not Jewish or orthodox while working for an orthodox Jewish, and non-Hispanic employer.  such is humiliating and stigmatizing as a "minority" or individual

8

treated with disdain, dislike, and lack of basic consideration of his livelihood needs and that of his family, at least in large part because he is not an Orthdox Jew himself, and is Hispanic.

**WHEREFORE**, plaintiff Soliz demands judgment against Defendants as follows:

(a) on the federal Cause of Action, an award of statutory damages, including back pay and fringe benefits, and liquidated damages, the exact amount to be proven at trial; including, but not limited to, relief such as attorneys' fees if he is the prevailing parties, and all of his costs and disbursements incurred in connection with this action.  Further, plaintiff alleges the violations are willful, supporting a longer limitations period and liquidated damages under the statute.

(b) On the claims under the New York State Labor Law, plaintiff also requests the payment of the unpaid wages and the lost overtime, as well as the payment of attorneys' fees. Accordingly, that law, §198 imposes penalties and fines for defendant's failure to pay wages or to expect that someone should live off his own savings and support himself without obtaining the wages and livelihood due to him, and necessary for the support and survival Law §198 of himself and his family.

(c) Defendants are also liable for damages for their discriminatory actions on the basis of religion and national origin as prohibited by the New York Human Rights Law, being liable to plaintiff for backpay and the lost earnings that should have been paid, and compensatory damages for emotional harm and pain and suffering and humiliation, as well as attorneys' fees.

Dated: Goshen, New York
      April 29, 2019
                                    FOULKE LAW FIRM

                                    By:   *s/Michael Ranis, Esq.*
                                    Michael Ranis, Esq. (MBR #3757)
                                    *Attorneys for Plaintiff*
                                    55 Main Street, 2nd Floor
                                    Goshen, NY  10924
                                    845-294-4308